14505

PURDY *ET AL.* v. STROTHER *ET AL.*

(192 S. E., 159)

August, 1936.

*Mr. L. D. Jennings,* for appellants, W. G. McCoy and Maria M. McCoy, as trustees.

*Messrs. Raymon Schwartz* and *C. M. Edmunds,* for respondents, National Bank of South Carolina of Sumter, S. C., and Mrs. Jane P. Strother, cite:

*Mr. M. M. Weinberg,* for respondents L. E. Purdy and J. I. Purdy.

June 29, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action was brought to marshal the assets of the estate of Judge R. O. Purdy, who died on January 29, 1935, leaving of force his last will and testament. At the time of his death, there were two mortgages on his home in the City of Sumter. The first of these was held by his daughter, Mrs. Jane P. Strother, and the other by the National Bank of South Carolina of Sumter. There were also two judgments of record against him, both of which were liens junior to the liens of the mortgages referred to. In addition to the real property in question, the assets consisted of certain funds, aggregating several thousand dollars, collected by the executors.

All parties having an interest in or a claim against the estate were made defendants. The Master, to whom the case was referred, held several references, and took charge of all assets, including the funds in the hands of the executors. Mrs. Strother, the senior mortgagee, filed due proof of her claim and asked that the mortgage which she held be foreclosed in the action and the proceeds of the sale of the property be applied to the payment of the debt owing her. The National Bank of South Carolina, the junior mortgagee, also filed proof of its claim and made the same request with regard to the mortgage held by it. The judgment creditors answered, setting up their respective judgments.

Among the claims proved was a debt for taxes of approximately $1,600.00, due and owing on the premises covered by the two mortgages. With reference to these taxes, the mortgagees took the position that they should be paid out of the general funds in the hands of the Master; the appellants, judgment creditors, contended that they should be paid out of the proceeds of the sale of the mortgaged premises as a lien upon such property prior to all other liens, and moved that this be done. The motion was overruled by the Master, who recommended in his report that they be paid out of the general assets in his hands. Judge Featherstone confirmed the report, and, from his order so doing, this appeal is taken.

Did the Circuit Judge err in the conclusion reached by him? It seems that the answer to this question depends upon the construction placed upon Sections 8995 and 2569 of the Code of 1932. The first of these fixes the order in which assets coming into the hands of an executor or administrator shall be applied to the payment of the debts of the deceased, as follows:

"(1) Funeral and other expenses of the last sickness, charges of probate, or letters of administration.

"(2) Debts due to the public.

"(3) Judgments, mortgages, and executions—the oldest first.

"(4) Rent.

"(5) Bonds, debts by specialty, and debts by simple contract."

It has been held that the order of payment prescribed by this section "has no application to liens which could be enforced against the property on which they attached," as it is "not the lien which the Act deals with but the character of the debt, and it is that which is to determine its rank in the order of payment." *Edwards v. Sanders,* 6 S. C., 316, 333.

Section 2569, subsequently enacted, provides:

"All taxes, assessments and penalties legally assessed shall be considered and held as a debt payable to the State by a party against whom the same shall be charged; and such taxes, assessments and penalties shall be a first lien in all cases whatsoever upon the property taxed; the lien to attach at the beginning of the fiscal year during which the tax is levied; and such taxes shall be first paid out of the assets of any estate of deceased persons, or held in trust as assignee or trustee, as aforesaid, or proceeds of any property held on execution or attachment; and the county treasurer may enforce the said lien by execution against the said property; or, if it cannot be levied on, he may proceed by action at law against the person holding said property.

"When any real estate shall be sold under any writ, order of proceedings in any court, the court shall, on motion of any person interested in such real estate or in the purchase or proceeds of the sale thereof, order all taxes, assessments and penalties charged thereon to be paid out of the proceeds of such sale as a lien prior to all others."

This section, as is seen from a reading of the first part of it, provides that all taxes legally assessed shall be considered as a debt payable to the State by a party against whom they shall be charged, and shall be a first lien in all cases whatsoever upon the property taxed. It is agreed that taxes are a debt due to the public, and that under Section 8995 such a debt is payable next in order to funeral and

other expenses of last sickness, etc. Counsel for appellants, however, to sustain the position taken by him, relies upon the second paragraph of Section 2569, and argues that the provision contained in the first part of that section, namely, "such taxes shall be first paid out of the assets of any estate of deceased persons," is intended to have, and should be given effect only when no real estate is being sold; but that when real property shall be sold as provided in the second paragraph of this section, then the provisions of that paragraph alone should apply in the payment of all taxes charged as a lien upon such real estate.

We are not in accord with this view. Following the general rule applied in the construction of statutes, the Court will endeavor to reconcile, if it can, any apparently conflicting provisions of the two sections, so that all parts thereof may be given, as far as possible, full force and effect. If the construction contended for by the appellants, however, should prevail, this clearly could not be accomplished. We are satisfied, therefore, upon due consideration and study of the matter, that the last paragraph of Section 2569, upon which the appellants rely, applies only to the payment of taxes where real property is sold under a foreclosure against persons living. So construed, the provisions of the two sections, and of Section 2569 when taken as a whole, are made to harmonize, and are thereby given such force and effect as the Legislature evidently intended they should have.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.